I'd like to tell the court what happened on September 19, 2000, directly across the street from us here, in the Multnomah County Courthouse, up on the 6th floor in Judge Franklin's courtroom. Now, six weeks before that date, the parties assembled and began selecting a jury for the aggravated murder retrial of Gregory Wilson. And it took us about two weeks to do that. And then we spent three weeks putting on evidence in that case. And then we waited five excruciatingly long days, actually over the course of seven days, because it went over the weekend, for the jury to come back into the courtroom and to announce what Gregory Wilson had been waiting eight years, four of them on death row, to finally hear. And that was that he was not guilty of intentionally causing the death of Misty Michelle Larder. Now, when that verdict came in, it was signed by the presiding juror. It's in the excerpt of the record. It was handed over to the court. The court polled the jury. And we heard ten additional times that Mr. Wilson was not guilty of intentionally causing the death of Misty Larder. And then on the other five counts of aggravated murder, we heard it another 50 times. Now, in spite of those not guilty verdicts, Gregory Wilson, his parents, have waited now, have been having to go to sleep every night for three years, over a thousand nights, with the knowledge that in spite of those verdicts, the state of Oregon continues to try and seek yet another death sentence against Mr. Wilson for that same offense. And, your honors, as sure as the sun rises in the east and sets in the west, the double jeopardy clause does not permit that result to occur. That's clear under the line of U.S. Supreme Court cases. Green v. United States, well, back to U.S. v. Ball in 1889. Green v. United States, Brown v. Ohio, Ash v. Swenson, all of these cases stand explicitly for the proposition that once acquitted of the same offense, the defendant may not be re-prosecuted for that offense. And that is precisely what we have here. How do we know it's the same offense? Well, we know it as a matter of Oregon law. And we know it because the state tells us that it's the same offense on page six of their brief, of the red brief. They indicate that respondent also does not dispute petitioner's assertion that the element of intentional killing is common to both the intentional murder offense charged in count nine and the offenses of aggravated felony murder. What line are you reading from? The very bottom of the last sentence on page six of the red brief. So the state tells us that they concede intentional murder is the same offense. It's the essential element of aggravated murder. But their distinction is that because the jury hung on that charge, that it makes a difference. There's no jeopardy that's attached. What's your response to that? Well, my response to that is they rely on two cases, on Powell and on Richardson. And neither of those cases, both of those cases are materially distinguishable from the facts of this case. Powell involved a verdict of guilty and a verdict of not guilty that was inconsistent. We don't have that. Our verdicts, our verdicts, not guilty and guilty of attempted intentional murder are not inconsistent logically, legally or otherwise. And so we don't have the Powell situation. And also I'd point out that Powell, in footnote eight of the opinion, says nothing in this opinion is intended to decide the proper resolution of a situation where a defendant is convicted of two crimes, where a guilty verdict of one count logically excludes a finding of guilt. And that is exactly what we would have if this third trial is permitted to go forward. If a jury convicts Mr. Wilson of aggravated murder after finding him not guilty of intentionally causing the same death, then we have a logically inconsistent verdict. And that's why it can't go forward. And that's also why Powell is distinguishable. But the other case, Richardson, is also not relevant to these facts because Richardson does not involve, on its face it looks the same because you have an acquittal and you have a hung jury. But that's the extent of the similarity. The acquittal in Richardson was on a totally separate offense that happened a year apart from the offense that they sought to re-prosecute him on. There were two separate drug offenses. And we know that they're not this essential lesser included element because in Richardson, Richardson never cites Blockberger. So the distinction is huge. It's a material distinction because under Blockberger, if the elements, if everything that is proved in aggravated murder has been proven in intentional murder, then Brown v. Ohio tells us that that's the end of it. If they can't get a separate punishment, they can't have a separate prosecution. Counsel, under what theory do you think the jury acquitted your client of aggravated murder and couldn't reach a decision on aggravated felony murder? Under what theory would those be consistent? Well, it doesn't need to be consistent because it's not a verdict. The fact that they did not reach a verdict is not a verdict. And so we don't know why. But we know that the verdicts that they return are consistent. And this court's holdings are to that effect. We don't speculate as to why a jury can't reach a verdict. And the fact that they didn't reach a verdict does not aggregate the fact that they did reach a valid verdict of not guilty of intentionally causing the death. And so we have this Blockberger-Brown prohibition against double jeopardy for the actual acquittal of that offense. And then we have the whole next layer of the collateral estoppel, Ash v. Swenson component of it. Because even as a practical matter, how can this trial occur? Judge Frankel is going to be required to instruct this jury, just as she did in the second trial, that the last jury found Mr. Wilson not guilty of intentionally causing the death. If that's the case, it's very likely that she's going to have to direct a verdict for us at some point before it reaches the jury. But the double jeopardy clause tells us that that is too late. The injury is now. The double jeopardy clause protects against the threat of a prosecution for the same offense. The harm is done once the verdict was received and the jury was discharged. The fact that the state continues to seek to prosecute him is when the double jeopardy violation begins to occur. And Judge Rallison, you asked about how do we square this. Well, we need to bear in mind, first of all, that it is the state that bears large responsibility, sole responsibility, for any confusion about how this verdict came out as it did. The state alone elected to charge Mr. Wilson separately with intentional murder. There's no requirement under Oregon law that they do that. But Oregon law is clear. If you charge the greater offense, you have impliedly charged any lesser included in the case. And had the evidence been sufficient, the jury could have considered any theory of aggravated murder all the way down to assault. And so after separately pleading that intentional murder count, the lesser included essential element of aggravated murder, they then requested that the court instruct the jury to acquit first, which even though that wasn't the law at the time of the crime, they required the jury to return a verdict of acquittal before they could consider any lesser included offenses. And so the judge gave them that instruction and the jury deliberated on that lesser included offense and acquitted him of intentional murder. And they acquitted him of other theories of aggravated murder. Those verdicts are not inconsistent, either logically or legally. And therefore, the state is now, well, now we don't know what they decided and why they didn't reach a decision in one, two, and three. Well, they shouldn't have charged intentional murder as a separate lesser count then. There was no need for them to do it. The judge instructed the jury and the jury followed the judge's instructions, returned valid verdicts. The verdicts were received and entered. And the fact that they did not reach any verdict on one, two, and three does nothing to diminish the protection that we are due under the double jeopardy clause by virtue of the acquittals that we obtained. To paraphrase an old phrase by Justice Cardozo, which has been discarded long ago, should society suffer because the jury goofed? I don't think that they should. And in fact, they didn't goof. They heard the evidence. They obviously deliberated long and hard in this case, five days, and returned these verdicts. Well, that's not the test anymore anyway. But in any event, Your Honor, these verdicts are valid verdicts. They're consistent verdicts, both legally and logically. And there can be no doubt that what we have is the same offense. This is one person who obviously was killed only one time, at one time. And there can be no dispute that this has to be the same offense. This isn't a case even like Brown v. Ohio, where the kid took the car and drove it on one day and was prosecuted for that day and also nine days later. This is one murder at one time, and the facts are clear that this was the same offense. And we know it's the same offense under Blockburger, because there's no element of intentional murder that is not proven when you prove aggravated murder. And that is the test. And Brown v. Ohio tells us explicitly, if under Blockburger there's no additional element, then in fact, that's the end of the inquiry. They can't get a separate punishment for these two crimes, which it's clear they can't. If we look at the excerpt of record on page 19, at the very top of the page, it is the state's position that the offense of murder as charged in count 10, as you know, the counts got renumbered. It's the same count. The offense of murder as charged in the indictment merges into each of the aggravated murder charges contained in counts 1 through 9. So they acknowledge they can't get a separate punishment for this conviction of intentional murder. And the Supreme Court jurisprudence is crystal clear. If they can't get a separate punishment, then they can't have another prosecution. They may not like the result, but that is the result. It's been the law of this land for over 100 years that after the jury has rendered a valid not guilty verdict, there can be no further prosecution. And that is what they're seeking to do on precisely the same facts, which Ash prevents them from doing. How is there finality? What's going to prevent a fourth trial if they don't get a conviction in this one? How many opportunities did they get to try and prove that Mr. Wilson intentionally caused the death of this victim? They had their full and fair opportunity to litigate. The jury rejected their theory, found him not guilty of intentionally causing the death, and that's the end of the inquiry. Brown tells us that. Green tells us that. And quite frankly, and then for an additional and separate reason, Ash versus Wilson tells us that. And there's nothing about Powell that undoes that ruling, any of those rulings. Powell does not involve the facts that we have. Powell is an inconsistent verdict. Our verdicts are consistent. Additionally, Richardson is clearly distinguishable because of the failure to even cite Blockburger. They cannot be the same test, the same offense, because they don't even do the Blockburger analysis. Thank you. Thank you, Counselor. May I please record Tim Sylvester again for the State Board? The issue here, I think, is simple. I cited Richardson for the proposition, which I believe Fishner doesn't dispute, that where, as here, the trial court, the jury is unable to reach a verdict, the trial court makes an adequate inquiry of the jury to determine that they are in fact hopelessly hung on the charge and declares a mistrial, Richardson says that jeopardy does not terminate and the charges can be re-prosecuted. In this case, if it's a lesser included? Well, Richardson was, with respect to the three, with respect to the charged offenses. In this case, on three counts of aggravated murder on counts one, two, and three, the jury reported they were unable to reach a verdict. The court made an adequate inquiry. The court declared a mistrial in the case of those three charges to re-prosecute before a retrial. But my question was, did Richardson involve a lesser included offense? No, but what I'm trying to explain is that Richardson involves simply the issue, if there is a mistrial declared because the jury is unable to reach a verdict, the defendant can be retried. So Richardson allows us to retry counts one, two, and three. Well, I'm not sure it's that simple. Then the issue becomes, what can you retry? If it's a lesser included offense, what's your best case authority? And I think you agree that there was a lesser included acquittal. That's absolutely correct. Okay, so let me ask you this then. What's your best case authority for the proposition that if there is an acquittal on the lesser included offense and a hung jury on the more serious offense, that the more serious offense can be retried? What's your best case authority for that? Well, the United States Supreme Court decided that issue in Powell. And I cite Powell. It's cited in my brief. It's a long quotation from the opinion in my brief at page 12. And what the United States Supreme Court said is that Ash v. Swenson does not apply the double jeopardy and collateral estoppel principles in Ash v. Swenson do not apply if the jury comes back with a verdict that is inconsistent. Okay, so you're not saying that Powell stands for the discreet proposition that if a defendant is acquitted on a lesser included, the greater offense can be retried. You're citing it more for the general premise of when jeopardy terminates. No, I'm citing it for what happened in Powell was the defendant was charged with two offenses. The jury comes back with a conviction on one and an acquittal on the other. Which one was the lesser included offense in Powell? I can't remember off the top of my head. I think he was convicted on the greater and acquitted on the lesser. I thought there was conspiracy to possess in possession of cocaine. Aren't those two separate offenses rather than being a lesser included and a greater offense? The issue in Powell. Would you answer my question first? I'm sorry. My question is aren't those two separate offenses? No, the point was in the Powell decision is that the verdict of guilty on one and the verdict of not guilty on the other were inconsistent because one was a lesser included of the other. And my recollection, and I could be wrong on this, my recollection is like the case, like this case, the acquittal was on the lesser included. Okay, you have to show me the language you're relying upon in Powell that supports your argument because I really don't see it. It's on page 12 of my brief. It's quoted at length. And what the court was saying is, and I'm quoting at the very end of that, it is equally possible that the jury convicted, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, lenity, arrived at an inconsistent conclusion on the lesser offense. And so what the court has noted that the state, the government, is not able to appeal from an acquittal. And so what the Supreme, U.S. Supreme Court said is that when you, when two offenses are presented to the jury, one greater, one lesser, they're necessarily included, the jury comes back with an inconsistent verdict. The acquittal on the lesser cannot be used under the double jeopardy clause to bar the conviction on the greater. And if it can't be used to bar a conviction on the greater. That wasn't Powell. Powell was inconsistent offenses. That's correct. Not a lesser included offense. Well, they were effectively lesser included offenses in that opinion. They were inconsistent offenses. They said that time and time again in their opinion. My understanding, and maybe I'm wrong about this, but my understanding is that what the Supreme Court was saying in Powell is that if you have verdicts that are inconsistent, that the jury cannot rationally convict on one and acquit on the other, you cannot apply collateral estoppel principles because the jury necessarily, in coming out back with an inconsistent verdict, must have come through, made that decision, quote, through mistake, compromise, or lenity, which the jury is entitled to do. But counsel, in this case, opposing counsel says we don't have inconsistent verdicts because on one of the counts, we have no verdict. So how can they be inconsistent if there is only one verdict on one count and no verdict on the other count? I frankly am at a loss to understand the petitioner's argument. Either the intentional murder charge is a lesser included or de-aggravated murder charge, or it isn't. If they are not lesser included, if the intentional murder charge is not a lesser included, then there is no bar under Ash v. Swenson. If they are a lesser included, then you necessarily have inconsistent verdicts because the jury says he's guilty of this one, and we can't decide if he's guilty of this one. Those are inconsistent verdicts. The jury could have said we've already decided that because we decided the issue on the lesser included. We really don't know what the jury, why the jury did what it did, and we can't really say that it's inconsistent because they didn't say anything at all. The petitioner here today, arguing they are necessarily inconsistent, that's why I'm entitled to an acquittal. No, he's saying it's lesser included and it can't be retried if there's an acquittal on the lesser included. He didn't say it's inconsistent. Well, let me put it this way. The jury comes back, let's make it simple and just have aggravated felony murder, which requires the state to allege and prove that he committed it intentionally. Right. The second count is just a standalone, simple, intentional murder. Jury comes back with a verdict. He is acquitted on the charge of intentional murder. We can't determine. We are hung on the issue of aggravated murder. Right. Petitioner's counsel was in the courtroom when that jury verdict came back. They are obviously inconsistent. If they found him not guilty of intentional murder, they necessarily would have to find him not guilty of the greater offense of aggravated murder, which necessarily has precisely the same elements in it. So by the jury saying that we cannot reach a verdict on the charge of aggravated murder, but we could acquit on the charge of intent, they obviously had an inconsistent verdict. Defense counsel did not object to the reception of that verdict. He could have. He did not object to it. But did he have to in order to preserve this issue? Under Powell, you do. Because Powell says if the jury verdicts are returned and are received that are inconsistent. The opposite word is verdict. There was no verdict. There was no verdict on the greater charge. But it seems to me, if I may be allowed, in Powell, the jury came back with a conviction and they found him guilty. And the U.S. Supreme Court said, well, you cannot impeach the guilty verdict with the equivalent on the lesser. It would seem a fortiori if you can't impeach a guilty verdict, certainly you can't impeach a hung verdict. What's your best case authority for the proposition that a hung jury is the equivalent of a verdict? Under the double jeopardy clause, I can't cite your case for that. But the point is, is that all we have is Richardson that says if the jury is hung and the court makes an adequate determination, jeopardy continues. Richardson is right on point for that. And Powell was right on point for the proposition that if the verdicts are inconsistent, as these are, and I'll put quote marks around verdict, then the double jeopardy clause does not preclude reprosecution. Now, this, again, like all the other cases I've argued today, is a 2254 case. And so under 2254 D1, petitioner has the burden to establish that what the state court did here was contrary to clearly established federal law as determined by the United States Supreme Court. He had Ash v. Swenson is the only case he relies on. And Ash is distinguishable for precisely the reasons I've explained. But the cases that are actually closer here are Powell and Richardson. Counsel, let's talk about the language you quoted from Powell. In that case, the Supreme Court said, as the Dunn Court noted, where truly inconsistent verdicts have been reached, the most that can be said is that the verdict shows that either in the acquittal or the conviction, the jury did not speak their real conclusion. So the court there focused on the polar opposite verdicts. An acquittal and a conviction. And we don't have that here. So I'm not sure that the language you quoted from Powell is persuasive on that issue or is clearly establishing purposes of this case. The issue before the Supreme Court in Powell was inconsistent verdicts in the sense that you had a conviction and an acquittal. So the case is distinguishable on that ground. And I will agree with that. I think that's the crucial point we have here. No, no, no. Because the point is that what the U.S. Supreme Court was talking about when you look at the rationale behind their decision was that if the jury makes decisions, and I will use decisions rather than verdicts so we don't get confused on that. Well, I don't think we're confused. I think the language in the case is clear that it's dealing with a verdict as opposed to a non-verdict. Okay. I'll grant you that. Now, the question is 2254 D1, is this contrary to clearly established federal law as determined by the United States Supreme Court? The only issue in the case that's right on point is Powell. There is no case that Petitioner cites that says where you have a hung verdict. I actually disagree on whether or not Powell is right on point because I don't see Powell as being right on point. Well, I'm not arguing that Powell is right on point because I agree that it's distinguishable. But the point is that under 2254 D1, the federal court, this court, cannot reverse the state court determination unless the case law is clearly established as determined by the United States Supreme Court. There is not a United States Supreme Court decision on this point that goes in Petitioner's favor. All we have is Powell. Powell is distinguishable, and what you've got then, and I cite Lockyer versus Andrade in my brief, where the U.S. Supreme Court recently reversed this court by saying where the U.S. Supreme Court case law is not determinative, then this court cannot say that the state court violated clearly established federal law. But the United States Supreme Court case law does not have to be on all fours in order for it to be clearly established. And I submit that Powell is the one that is most clearly on point because that involves conflicting decisions by the jury, one to convict, one to acquit. Here you have only a slight variation, one to acquit and a hung jury. Now, it seems to me, and maybe I'm dense on this, if the jury, if in Powell they said that the acquittal cannot impeach the jury's determination that they are hung, I don't understand why there would be a different rule in those particular situations. What you have is a jury determination that we cannot decide. And what the Supreme Court in Powell said is that by finding the defendant not guilty on the lesser charge, it may well have been that the jury was misapplying their instructions, just decided to give this guy a break or made some sort of compromise. What remedy was the defendant seeking in Powell? I'm sorry? What remedy was the defendant seeking in Powell? He was seeking to undo his guilty conviction on a greater offense. Isn't that different than the issue we have here? Only as one in degree because what the petitioner is trying to do here is to bar the state from re-prosecuting him. So you don't see that as fundamentally different from trying to undo a conviction? No, I do not. Because the question is, was the jury's determination on the greater offense, does the jury's acquittal on the lesser offense preclude the state from getting a conviction on the greater offense? From maintaining the conviction that was imposed by that same jury. In Powell, the issue was whether or not the acquittal on the lesser offense allowed the defendant to undo the conviction. Correct. And there was no conviction in this case that he's trying to undo. Well, what the defendant essentially was saying in Powell is, I can't be tried and I can't be convicted on the greater offense. Here he's saying, that's the same argument that the petitioner is making. I can't be tried and I can't be convicted on the greater offense because I've already been acquitted on the lesser offense. Now, the only difference is, in Powell, there was an actual jury verdict, whereas here what we had was a jury determination that they could not reach a verdict. But I think that that's a distinction without a legal difference when you look at the rationale for the court's decision in Powell, which is that when the jury comes back with decisions that are absolutely inconsistent and cannot be reconciled, we can't apply collateral estoppel principles because it would appear that what the jury did was made a mistake, made a compromise, or decided simply to grant some lenity on one charge. And if that is true, which the jury is entirely within the jury's prerogative, then you cannot apply collateral estoppel principles from there. Or Powell could be read to say that once the jury has rendered its verdict, in this case, which it rendered a verdict of not guilty on the lesser-included, which you've agreed is a lesser-included, that that acquittal stands. Well, that acquittal stands on that charge. But the question is, does it have preclusive effect as to a different charge in the same case? It's not a different charge. It's the same charge, essentially. That's the problem. It's the same charge. And for all intents and purposes, the defendant has been acquitted of that charge. Well, he has been acquitted of the lesser charge. That's correct. But see, that's what happened in Powell, too. I mean, that's precisely the argument the petitioner was making in Powell. He says, because the jury – I disagree on what Powell was about, I guess. Okay. And I don't think I'm going to convince you, and I don't think you're going to convince me. Well, I know, and I will agree with that. But the point is, and this is the essential point, when the case law from the United States Supreme Court on a particular issue is not clearly determined, because that's what 2254d.1 requires, clearly established federal law as determined by the United States Supreme Court, what we have is a difference of opinion, what Powell stands for. I say Powell supports my position. You disagree. But the point is, is that this is not clearly established federal law as determined by the United States Supreme Court. I think double jeopardy is clearly established. Well, that's true. But on this particular issue, the law at worst is in a state of flux. The issue has not yet been determined by the United States Supreme Court. But we could extrapolate from the clearly established double jeopardy principles to reach this issue. Well, I would agree with that, too. But I think the point I'm making is that I – maybe we just have a fundamental disagreement on what Powell stands for, but at the Lockyer v. Andrade, I think, stands for the proposition, the U.S. Supreme Court says, that 2254d.1 is a serious limitation on a federal court's authority to overturn a determination of federal law where the state – where the federal law is not clearly established. I would not disagree with that statement. I think that we have to determine what is the clearly established law for purposes of this case. Is it the double jeopardy jurisprudence, or is it the Powell nuance that you're arguing? I agree. Okay. With that, I – Well, we agree with it on that. And with that, my voice, I think, is finally given up. All right. Thank you, counsel. Rebuttal. Thank you, Your Honor. Your Honor, first of all, Powell, Ms. Powell, was prosecuted for, the opinion says, turning to the case at hand, respondent argues that the jury could not properly have acquitted her of conspiracy to possess cocaine and possession of cocaine, and still found her guilty of using the telephone to facilitate those offenses. We did – Powell did not involve lesser included essential elements. Because there's a different element to conspiracy than there is to possession. Exactly. The agreement. I understand. And also, Your Honor, on page 27 of our opening brief, the State has – I put forth the language that they argued in the district court, which is that this case, of course, is not the direct fact pattern of Powell. For here, the jury acquitted Petitioner of one of the predicate offenses, the murder, but hung on the compound offense, even though it was instructed that Petitioner had committed the other predicate offense. The opposing counsel has admitted that it's not exactly the same. But his theory is the principle is the same, because here it has to be inconsistent to acquit on the lesser included and hang on the greater offense. That has to be inconsistent. There is no other way to explain it. Had they reached a decision, perhaps that was true. They did not. Verdicts, failure to reach verdicts, are fundamentally distinctive. And they did not reach a verdict. So they didn't do something that was inconsistent. They didn't do something that we think makes no sense. It's not like that. What's your best case authority for the proposition that failure to reach a verdict is fundamentally different than an acquittal or conviction or reaching a verdict? Well, this court has said exactly that in Romeo v. United States. Well, you understand that our case authority is not clearly established federal precedent for purposes of habeas. No. But this court is permitted to, as the court said moments ago, extrapolate on what is clearly established. And there is no U.S. Supreme Court case that says that we compare failure to reach a verdict with a verdict. And, in fact, this court has said the contrary. And there's no prohibition on you relying on that precedent in reaching and finding that the state court's decision was contrary to clearly established double jeopardy law. And with that, we just have something that is totally different than what PAL stands for. And PAL does not apply to this case because we didn't have a verdict on the count that they are now seeking to retry him on. And that's the essential element of this case, that this is the same offense, that this, what they are going to try and do in a third trial, is take another run at him for exactly the same crime, using exactly the same facts, even though the jury found that he didn't commit the crime. So we'd ask the court to grant our verdict. Thank you. The case just argues stands submitted and will be in recess for five minutes. Thank you.
judges: Alarcon, Ferguson, Rawlinson